***PETER M. COHEN***
***ATTORNEY AT LAW***
***LAFAYETTE TOWNE PROFESSIONAL BUILDING***
***2734 LAFAYETTE***
***ST. LOUIS, MO 63104***
***(314) 762-0070***
***(314) 772-3604 Fax***

February 2, 2018

Jennifer Roy
Assistant United States Attorney
111 South 10th St., Room 20.333
St. Louis, MO 63102

    RE: U.S.A. v. Kevin Seltzer
       # 4:18 CR 006 SNLJ/DDN

Dear Ms. Roy:

  This letter is to advise you that I will be representing the Defendant and to request that you provide discovery as soon as possible. We request production of the following:

1. Statements. All written and oral statements made by Defendant. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents and tapes in which statements of Defendant are contained. The substance of oral statements which the government intends to introduce are discoverable under Fed.R.Crim.P. 16(a)(1)(A)(amended December 1, 1991) and Brady v. Maryland.

2. Documents, statements, reports, tangible evidence. Production of all documents, statements, agents' reports, and tangible evidence favorable to Defendant on the issue of guilt or which affects the credibility of the government's case. This evidence must be produced pursuant to <u>Brady v. Maryland</u> and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

3. Prior record/other act evidence. All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed.R.Crim.P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed.R.Crim.P. 16(a)(1)(C) and Fed.R.Evid. 404(b) (as amended December 1, 1991) and 609. This request also includes Defendant's "rap" sheet and/or NCIC computer check on Defendant.

4. Seized evidence. All evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed.R.Crim.P. 16(a)(1)(C).

5. Agent's reports, notes, memos. All arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to Defendant. These reports are

available under Fed.R.Crim.P. 16(a)(1)(B) and (C); and Fed.R.Crim.P. 26.2 and 12(i).  In addition, it is request4d that you provide any witness interview notes that you have taken which could be considered to be statements attributable to the witness.  See Goldberg v. U.S. 425 U.S. 94 (1976).

6. Other documents/tangible objects.  All other documents and tangible objects, including photographs, books papers, documents, or copies or portions thereof which are material to Defendant's defense or intended for use in the government's case-in-chief or were obtained from or belong to Defendant.  Specifically requested are all documents, items and other information seized pursuant to any search.  This is available under Brady and Fed.R.Crim.P. 16(a)(1)(C).

7. Bias of government witnesses.  Any evidence that any prospective government  witness is biased or prejudiced against Defendant or has a motive to falsify or distort his/her testimony.  See Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

8. Prior record/other acts of government witnesses.  Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction.  See F.R.E. Rule 608(b) and Brady.

9. Investigation of witnesses.  Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct.  United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985)

10. Evidence regarding ability to testify.  Any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 214, 224 (4th Cir. 1980); United States v. Butler, 567 F.2d 885 (9th Cir. 1978).

11. Personnel files.  It is requested that the government review each agent's personnel file for review for information requested in paragraphs (7)-(10) above and determine whether there is any impeaching information contained in the files, see United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

12. Government witnesses.  The name and last known address of each prospective government witness.  See United States v. Neap, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witness).

13. Other witnesses.  The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  United States v. Cadet, 727 F.2d 1469 (9th Cir 1984).

14. Favorable testimony.  The name of any witness who made an arguably favorable statement concerning the Defendant or who could not identify him or who was unsure of his identity or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jag, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 885, 889 (9th Cir. 1978).

15. Specific inquiries of agents.  It is requested that the government make specific inquiry of each government agent connected to the case for the above.  United States v. Jackson, 780 F.2d 1305 (6th Cir. 1986); United States v. Butler, 567 F.2d 885, 889 (9th Cir. 1978).

16. Rule 26.2 Material/Timing of production.  It is requested that the government provide all materials available pursuant to Fed.R.Crim.P. 26.2, sufficiently in advance of trial or motion hearings so as to avoid unnecessary delay prior to cross examination.

17. Expert/resumes.  The curriculum vitae of any and all experts the government intends to call at trial, including any and all books, treatises or other papers written by the expert which is relevant to the testimony.

18. Expert's reports and summaries.  Production of any and all reports of any examinations or tests, is requested pursuant to Rule 16(a)(1)(D).  In addition, it is requested that the government disclose a written summary of testimony the government intends to use under FRE 702, 703 or 705.  As required by Rule 16(a)(1)(E), the summaries must describe the witnesses' opinions, the bases and the reasons therefore and the witnesses' qualifications.  See Fed.R.Crim.P. 16(a)(1)(E)(added December 1, 1993).

19. Confidential Informant(s) and related information.  It is requested that the government reveal the identity of any and all confidential informants who were percipient witnesses to the charges in this case and information regarding any promises made to the CI and the information provided by the CI.

20. Promises made or "deal" with government witnesses.  Under Giglio v. United States, 405 U.S. 150 (1972), the government must provide all promises of consideration given to witnesses.  See also United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986).

21. Minutes of Grand Jury Proceedings.  Production of the minutes of grand jury proceedings is requested in order to determine whether there has been compliance with Rule 6 with regard to attendance and the number of grand jurors voting on this indictment.  See Rule 6(b)-(d).

22. Grand Jury Transcripts.  All grand jury transcripts are requested.

      Thank you for your attention to these reports.

        Very truly yours,

        /s/ Peter M. Cohen
        Peter M. Cohen
        Attorney at Law

PMC:peb